### 9405

### SCOTT v. SEYMOUR.

(89 S. E. 398.)

1. NEW TRIAL—MOTION FOR NONSUIT OR DIRECTION OF VERDICT.—Exceptions assigning error in refusal of the motion for new trial for insufficiency of the evidence cannot be sustained where appellant failed to move for nonsuit or to direct a verdict as required by rule 77 of the Circuit Court, providing that the point that there is no evidence to support an alleged cause of action shall be first made by motion for nonsuit or to direct verdict.

2. TRIAL—INSTRUCTION—CHARGE ON FACTS.—In an action to recover an amount paid defendant by plaintiff's husband, under agreement whereby defendant promised to convey to plaintiff a tract of land, the charge that a person may make a contract through an agent which will be as binding as if made by the person himself was not erroneous as a charge on the facts.

Before HON. C. J. RAMAGE, special Judge, Greenwood, October, 1915. Affirmed.

Action by Mrs. Lila Scott against E. Z. Seymour. From judgment for plaintiff, defendant appeals.

*Messrs. Tillman & Mays,* for appellant.

*Messrs. Featherstone & McGhee,* for respondent.

June 28, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover the sum of $475, which the plaintiff alleges she paid to the defendant, under an agreement whereby he promised to convey to her a certain tract of land, but that he refused to comply with his agreement and likewise refused upon demand to return to her the amount so paid. The jury rendered a verdict in favor of the plaintiff, for said sum and interest.

The defendant made a motion for a new trial, on the following grounds:

"That no contract was proven as existing, between the plaintiff and the defendant, for the sale of the interest in the Scott lands; that the verdict of the jury was contrary to the evidence, in that the testimony showed that there was no contract between the plaintiff and the defendant, but, if the contract existed, it was between the plaintiff and J. G. M. Scott; that the verdict was contrary to the law and the evidence of the case; that there was no evidence in the case to sustain the verdict of the jury."

The defendant appealed upon six exceptions, five of which assign error, in refusing the motion for a new trial.

There are two reasons why the exceptions assigning error in the refusal of the motion for a new trial cannot be sustained: First, because there was testimony tending to sustain the allegations of the complaint. Second, because the appellant failed to make a motion for nonsuit, or a motion to direct a verdict as required by rule 77 of the Circuit Court which provides: "The point that there is no evidence to support an alleged cause of action shall be first made, either by a motion for nonsuit, or a motion to direct the verdict."

The sixth exception is as follows:

"His Honor erred in charging the jury as follows: 'Mr. Featherstone: I will ask your Honor to instruct the jury this: That Mrs. Scott had a perfect right to make a contract through her agent, J. G. M. Scott, and it would be just as good as if she had made it herself. The Court: Yes, a person may make a contract through an agent, and it would be just as binding as if made by the person himself.' It is respectfully submitted that the above was error, in that it was a charge on the facts of this case."

The charge is the mere statement of a well-recognized principle of law, and is in nowise a charge on the facts. Judgment affirmed.