20756

Maxcy H. STOCKMAN, Respondent, v. Priscilla G. MARLOWE, Appellant.

(247 S. E. (2d) 340)

McGowan, Nettles, Keller & Eaton, Florence, *for appellant*.

Hyman, Morgan, Brown, Saleeby, Jeffords & Rushton, Florence, *for respondent*.

August 30, 1978.

*Per Curiam:*

This action was brought to recover for property damage and personal injuries suffered by the respondent as a result of a collision between his automobile and the automobile of the appellant. The jury returned a verdict in favor of the respondent for $18,000 actual damages and $7,000 punitive. We affirm.

On this appeal, the appellant has listed nine exceptions. Aside from one exception to be discussed below, these exceptions are patently without merit and are dismissed under Rule 23 of the Rules of Practice of this Court since they are governed by settled principles of law and no error of law appears.

■ The only exception warranting written treatment is the appellant's second exception which reads as follows:

It is respectfully submitted that the Court below erred in failing to charge that contributory recklessness, willfulness and wantonness would be a complete defense and in failing to properly define the terms in that the issue of contributory recklessness, willfulness and wantonness was an issue made by the pleadings and the evidence.[1]

This exception presents two questions: (1) Did the lower court fail to properly define contributory recklessness, willfulness and wantonness; and (2) did the lower court err in failing to charge that contributory recklessness, willfulness and wantonness is a complete defense?

■ With regard to the first question, the record reveals that the trial judge did not specifically define contributory recklessness, willfulness, and wantonness.

---

[1] We would be justified in refusing to review this exception in that it does not comply with Rule 4, Section 6 of our Rules of Practice because it assigns two separate and distinct propositions for review. *Kennedy v. Custom Ice Equipment Co., Inc.,* S. C., 246 S. E. (2d) 176 (1978).

However, in construing his charge as a whole, we cannot agree with the appellant that this omission was prejudicial since it is clear that the jury was adequately informed of the elements of this defense. The trial judge, immediately after defining the terms recklessness, willfulness and wantonness, moved to a discussion of "contributory negligence and/or recklessness" and, in obvious reference to the previous definition of recklessness, willfulness and wantonness, informed the jury, "I have already, in effect, defined these terms [contributory recklessness, willfulness and wantonness] for you." Thus, although the terms in question were defined by reference to another portion of the charge, the charge as a whole was sufficient and was not prejudicial.

After the above charges were given, the trial judge instructed the jury that if the appellant had established contributory negligence or recklessness on the part of the respondent, the doctrine of comparative negligence, as embodied in S. C. Code, § 15-1-300 (1976), would then arise. Section 15-1-300 provides:

Contributory negligence shall not bar recovery in motor vehicle accident action.

In any motor vehicle accident, contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or in injury to person or property, if such contributory negligence was equal to or less than the negligence which must be established in order to recover from the party against whom recovery is sought.

The appellant contends that, since § 15-1-300 only refers to contributory negligence, it has no application to the defense of contributory recklessness, wilfulness, and wantonness.[2] Thus, as already indicated, she asserts that the lower court should have charged that this defense is a complete

---

[2] Although Code § 15-1-300 was declared unconstitutional by this Court in *Marley v. Kirby*, S. C., 245 S. E. (2d) 604 (1978), it was applicable at the time this case was tried.

defense and not limited by the so-called comparative negligence statute. We disagree.

Although "recklessness", "willfulness", and "wantonness" are, from a technical standpoint, distinct from "negligence", the concepts are inextricably connected and interwoven to the extent that "negligence" in its broadest sense is often said to encompass conduct of the former variety. 57 Am. Jur. (2d), Negligence, §§ 103 and 104 (1971). The words "recklessness", "willfulness", and "wantonness" are extensions of the law of negligence. While we have no intention or desire to dispense with the often critical distinctions between these terms, we feel that the legislature, in using the term "negligence" in § 15-1-300, intended to use that term in its broadest sense. The legislature obviously intended that the jury evaluate the culpability of each party as compared to that of the other, barring the plaintiff from recovery only if his fault is greater than that of the defendant. It is difficult for us to see how such intended purpose could be achieved without interpreting the term "negligence" in its broad sense. It would be anomalous to hold that simply because a plaintiff's misconduct takes the form of recklessness, willfulness or wantonness, he is to be denied recovery even though the fault of the defendant be of like nature and contributes to the casualty in a greater degree. It is our conclusion that the legislature used the term "negligence" in § 15-1-300 in its broadest sense so as to encompass the kindred concepts of "recklessness", 'willfulness" and "wantonness". Under this view, the appellant was not entitled to an unconditional charge that contributory recklessness, willfulness, and wantonness would be a complete bar to recovery.

Affirmed.