21859

AMERICAN HARDWARE SUPPLY CO., INC., Respondent, v. Virginia T. WHITMIRE, Treasurer of Greenville County and the South Carolina Tax Commission, Appellants.

(300 S. E. (2d) 289)

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Jackson E. Fields, Jr.,* Columbia, *Joseph H. Earle, Jr.,* Greenville, *for appellants.*

*A. Camden Lewis* of *Austin & Lewis,* Columbia, *for respondent.*

Jan. 25, 1983.

NESS, Justice:

This is a tax refund case. Appellants assert the trial court erred in ordering the Greenville County treasurer to refund taxes paid by respondent. We disagree and affirm.

Respondent, a wholesaler of hardware goods, purchased goods for resale and stored them in his Greenville County warehouse. Some of the inventory was ultimately sold to out-of-state retailers. Pursuant to S. C. Code Ann. § 12-37-1110 et seq., the inventory sold and delivered to out-of-state retailers was tax exempt as it had no tax situs within the State. Nevertheless, respondent mistakenly returned all its inventory for assessment by the South Carolina Tax Commission in 1974, 1975, and 1976, and paid $158,992.31 in taxes to Greenville County for those years on the tax exempt property.

In 1977, respondent petitioned the Tax Commission to order the Greenville County treasurer to refund the taxes paid on the exempt property under S. C. Code Ann. § 12-47-420 (1976). The Commission denied the request and this action followed.

The Tax Commission refused to order the refund on the grounds there was no "erroneous, improper, or illegal assessment within the meaning of the statute." S. C. Code Ann. § 12-47-420 provides:

"Whenever after due hearing the Commission by majority vote shall determine that any tax has been paid under an *erroneous, improper or illegal assessment,* the Commission shall order the officer having custody of the tax so erroneously, improperly or illegally paid to refund it to the person from whom it has been unjustly collected, and such officer shall refund the tax on such order if the officer shall have in his possession the tax so improperly collected or other funds from which it may be lawfully refunded." (Emphasis added).

In *Meredith v. Elliott,* 247 S. C. 335, 147 S. E. (2d) 244 (1966), we held the phrase "erroneously or illegally charged" as used in tax refund statutes refers to a jurisdictional defect rather than a mere error of judgment resulting in an excessive assessment. In distinguishing between an erroneous assessment and an excessive assessment, we quoted *Clay County v. Brown Lumber Company,* 90 Ark. 413, 119 S. W. 251 at 253 (Ark. 1909):

"The term 'erroneous assessment,' as there used, (in the statute) refers to an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature ... If the property paid on was *exempt from taxation* ... then the provisions of (the statute) give the owner a remedy for a refunding of such taxes thus erroneously paid ...." (Emphasis added).

We hold an assessment of tax exempt property is an "erroneous, improper or illegal assessment" within the meaning of statute, entitling respondent to a refund of the taxes erroneously paid.[1]

Appellants' remaining exception was not raised in any of the proceedings below and thus we decline to consider it on appeal. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980).

Affirmed.

LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

---

[1] See also Op. Atty. Gen. No. 2286, 6/14/67; Home Owners Loan Corp. v. Polk County, 1 N. W. (2d) 742 (Iowa 1942).