22336

SLOAN CONSTRUCTION COMPANY, INC., Respondent, v. SOUTH CAR-
OLINA BOARD OF HEALTH AND ENVIRONMENTAL CONTROL,
Appellant.

(331 S. E. (2d) 345)

Supreme Court

*Atty. Gen. T. Travis Medlock, Gen. Counsel Walton J. McLeod, III,* and *Staff Counsel John Harleston, Dennis N. Cannon* and *Barbara J. Hamilton,* Columbia, *for appellant.*

*Bradford W. Wyche* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for respondent.*

Heard Jan. 22, 1985.

Decided May 30, 1985.

*Per Curiam:*

This case arose as a licensing dispute between the Board of Health and Environmental Control and Sloan Construction Company. Sloan and the Board dispute whether information requested by the Board is a trade secret, and whether Sloan was justified in refusing to give the Board the information.

The trial judge ordered Sloan to produce the information. He granted a protective order which limited the Board to internal use of the information except for certain data to be

submitted to the Environmental Protection Agency. This appeal followed.

Sloan argues appellant's numerous violations of Supreme Court Rules warrant dismissal of this appeal. We agree.

After filing notice of intent to appeal, appellant filed and served the proposed case and exceptions on December 23, 1982. Proposed amendments were served January 7, 1983.

Ten days later, appellant filed and served a motion to settle the record. Attached to this motion was a new proposed case and exceptions. The statement and exhibit list differed and the exceptions differed. Sloan filed a return, objecting to the changes and the matter was referred to the trial judge for settlement. The trial judge settled according to the Board's amended exceptions. Sloan appealed from this order.

The Board filed its brief on June 22, 1983. In its responsive brief, Sloan cited violations of this Court's rules, including numerous defects in the Board's brief. On August 30, 1983, appellant filed a reply brief, and a revised version of the first brief which cured many of the defects pointed out by Sloan.

Several key issues regarding appellate procedure arise in this case, and the numerous defects justify dismissal. *See Lawson v. Mills*, 259 S. C. 308, 191 S. E. (2d) 637 (1972).

### I. The Second Proposed Case and Exceptions

The amended proposed case and exceptions attached to the motion to settle the record are not authorized by Supreme Court Rule 1, § 3. In *Burroughs v. Royal Arcadian Resort, et al,* Smith's Advance Sheets, Order No. 81-MO-823, filed October 19, 1981, this Court held no provision of our Rules permits a party to amend exceptions once the proposed case and exceptions are filed and served, and the time for filing has elapsed.

It was error to submit the revision, and the trial judge erred in using it to settle the record.[1]

---

[1] In reply, appellant argues respondent agreed to some changes. This contradicts an affidavit filed by appellant stating the parties were unable to agree on settling the record.

## *II. The Motion to Settle the Record*

Notwithstanding the improper attachment to the motion, we note the motion was not timely served. It was served 10 days after service of respondent's amendments, rather than within 8 days as specified by Rule 1, § 3 D.

Respondent has not objected to late service. Although the Rule does not specify the effect of late service, we hold failure to serve a timely motion to settle the record shall be construed as an automatic acceptance of the proposed amendments to the proposed case and exceptions. This logically follows from Rule 1, § 3 C.

## *III. The Exceptions*

Appellant's exceptions clearly violate Rule 4, § 6 since they are overly broad and vague, and do not "... contain a concise statement of one proposition of law or fact ..., [and] ... a complete assignment of error...." Rule 4, § 6.

Furthermore, there is no exception to the trial judge's finding that the disputed information was a trade secret, a fundamental issue argued by appellants. Therefore, this issue is not before this Court. *Reid v. Hardware Mutual Ins. Co. of Carolinas*, 252 S. C. 339, 166 S. E. (2d) 317 (1969).

## *IV. The Second Brief*

The second brief was improper. Our rules do not allow such a revision. The prejudice created by such a brief is obvious, and it will not be considered.

## *V. The First Brief*

The first brief violates several Rules of the Court. First, it failed to list the questions involved. Rule 8, § 2.

Second, the brief makes no reference to any exception. Rule 8, § 3. It is impossible to determine accurately what issues are being argued, or whether any exceptions have been abandoned. *See Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.*, 247 S. C. 282, 147 S. E. (2d) 273 (1966); *U. S. Fidelity and Guaranty Co. v. First National Bank*, 244 S. C. 436, 137 S. E. (2d) 582 (1964).

Finally, the brief contains two affidavits alleging bias on the part of the trial judge. These contain facts outside the record, in violation of Rule 8, § 7. *See also Becker v. Uhe, et al,* 221 S. C. 334, 70 S. E. (2d) 346 (1952). Additional facts may be added only as provided by the Rule.

## CONCLUSION

The Board urges this Court to waive these violations because of the importance of the issues involved. We decline for these reasons:

First, the issues presented in this case are now moot. DHEC will receive the information it requested. The Board argues the public right to disclosure, *See Natural Res. Def. Coun., Inc. v. U. S. Environmental Protection Agency,* 494 F.2d 519 (2nd Cir. 1974); however, no party outside DHEC has requested the information. Therefore, this issue is not before the Court in this controversy.

Furthermore, the issues argued by the parties will never arise again. The Board has now promulgated rules and regulations on the handling of trade secrets. Any future dispute will involve these rules and regulations.

Finally, the gravity of the violations of our appellate Rules justifies dismissal. *See Lawson v. Mills, supra.*

Appeal dismissed.