22591

Joseph A. TALLEY, Appellant-Respondent v. SOUTH CAROLINA HIGHER EDUCATION TUITION GRANTS COMMITTEE and Edward M. Shannon, III, as Director, Respondents-Appellants.

(347 S. E. (2d) 99)

Supreme Court

*William O. Pressley, Jr.*, and *Judson K. Chapin, III* of *Perrin, Perrin, Mann & Patterson*, Spartanburg, *for appellant-respondent.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Charles W. Gambrell* and *Staff Atty. William Edgar Salter, III*, Columbia, *for respondents-appellants.*

*Jay Bender* of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, and *C. William Taylor*, of *Sachs, Greenebaum & Taylor*, Washington, D. C., *for Association of Independent Colleges and Schools*, and *amicus curiae.*

Heard June 3, 1986.

Decided July 7, 1986.

GREGORY, Justice:

In this action, appellant Joseph A. Talley sought to have Section 18 of the 1985 General Appropriations Act [Act 201 of 1985] (GAA) declared unconstitutional. The Circuit Court declared Section 18 unconstitutional under the Equal Protection Clauses of both the federal and state constitutions; however, he failed to order the Tuition Grants Committee (the Committee) to consider Talley's application. Both parties appeal. We reverse in part and dismiss in part.

### I. The Committee's Appeal

This action was commenced after the Committee refused to consider Talley's application for a South Carolina Tuition Grant. *See* Sections 59-113-10 through -50 of the South Carolina Code of Laws (1976). Talley is a student at Rutledge College, a "for profit" institution. Section 18 of the GAA provides that grants shall only be made to students attending "independent, nonprofit, post-secondary institutions...." 1985 Acts and Joint Resolutions 1000.

The trial judge ruled Section 18 unconstitutional under Equal Protection because of the "nonprofit"/"for profit" distinction. The Committee argues this was error. We agree.

If a classification is reasonably related to a legitimate state interest, and members of the class are treated equally, any challenge under Equal Protection fails. *See Duke Power Co. v. Pub. Serv. Comm.*, 284 S. C. 81, 326 S. E. (2d) 395 (1985); *Bauer v. S. C. State Housing Authority*, 271 S. C. 219, 246 S. E. (2d) 869 (1978).

A decision of the Supreme Court of Virginia is directly on point. In *Miller v. Ayers*, 213 Va. 251, 191 S. E. (2d) 261 (1972), statutes relating to tuition assistance loans at private institutions were challenged under Equal Protection because the statutes applied only to students attending nonprofit institutions, thus discriminating against students attending institutions operated for profit. In rejecting this challenge, the Virginia Court stated:

> It is commonplace ... for government to make distinctions between those in business for a profit and those who have eleemosynary motives. Both state and federal tax laws, for example, are replete with instances of tax exemptions and deductions which turn on an undertaking being conducted "not for profit" or having no part of its net earnings inuring "to the benefit of any private shareholder or individual." [Citations omitted.] It is certainly rational, and therefore compatible with the Equal Protection Clause, for government to pursue a policy which does not funnel state loans into the hands of students who, attending institutions conducted for profit, necessarily are paying tuition fees set at a level which makes possible that profit.

213 Va. 251, 191 S. E. (2d) at 272.

We agree with the Virginia Court, and hold that Section 18 does not violate Equal Protection. Therefore, the order of the trial judge must be reversed.

## II. Talley's Appeal

Talley raises several issues:

(1) Does Section 18 violate S. C. Const. Art. III, Section 17 because (a) it is not germane to the GAA, and (b) it is not expressed in the title of the GAA?

(2) Does Section 18 violate S. C. Const. Art. III, Section 1 because it attempts to delegate legislative power to a nongovernmental agency?

(3) Did the trial judge err in failing to order the Committee to consider Talley's application?

We need not reach these issues, however, because of numerous violations of this Court's rules.

First, both issues under Article III, Section 17 were raised in a single exception. Since this exception contains more than one assignment of error, it is not in compliance with Supreme Court Rule 4, Section 6. *See Stockman v. Marlow*, 271 S. C. 334, 247 S. E. (2d) 340 (1978).

Second, the question of whether Section 18 is germane to the GAA was not raised before the lower court. This is also true of the issue under Article III, Section 1. It is an axiomatic rule of law that issues may not be raised for the first time on appeal. *American Hardware Supply Co., Inc. v. Whitmire*, 278 S. C. 607, 300 S. E. (2d) 289 (1983).

Third, the issue of whether Section 18 is expressed in the GAA's title was raised below, but was not ruled upon by the trial judge. Therefore, this issue is not preserved. *See Aetna Life Ins. v. Lourie*, 201 S. C. 478, 23 S. E. (2d) 741 (1943); *State v. Thomas*, 159 S. C. 76, 156 S. E. 169 (1930); *See also Garris v. McDuffie*, 288 S. C. 637, 344 S. E. (2d) 186 (Ct. App. 1986). Additionally, we note that this case was commenced after July 1, 1985, and Talley did not move before the lower court to amend the judgment. S.C.R.C.P. 59(e); *See also* S.C.R.C.P. 60.

Furthermore, the title issue was improperly raised by exception. Talley prevailed below based on Equal Protection; however, he raises this further issue by exception. He should have raised it as an additional sustaining ground. *See Colonial Life & Accident Ins. Co. v. South Carolina Tax Comm.*, 233 S. C. 129, 103 S. E. (2d) 908 (1958).

Finally, Talley contends the lower court erred in not ordering the Committee to consider his application. This issue is not properly before this Court because it was raised, but not ruled upon below. *See Aetna Life Ins. v. Lourie, supra.*

The numerous procedural errors justify dismissal of Talley's appeal. *See Sloan Const. Co. v. DHEC,* 285 S. C. 523, 331 S. E. (2d) 345 (1985).

## III. Conclusion

The order of the lower court holding Section 18 of the GAA unconstitutional under Equal Protection is reversed. Because of numerous procedural errors, Talley's appeal is dismissed.

Reversed in part; dismissed in part.

NESS, C. J., and HARWELL and CHANDLER, JJ., concur.

GARDNER, Acting Associate Justice, concurs.

FINNEY, J., not participating.