1045

RO-LO ENTERPRISES, Respondent v. HICKS ENTERPRISES, INC.,
Appellant.

(362 S. E. (2d) 888)

Court of Appeals

*Edward W. Miller,* of *Miller and Paschal,* Greenville, *for appellant.*

*Barney O. Smith,* of *Smith and McKinney,* Greenville, *for respondent.*

Heard Oct. 19, 1987.

Decided Nov. 23, 1987.

CURETON, Judge:

The sole issue in this appeal is whether respondent, Ro-Lo Enterprises (Ro-Lo), abandoned its rights under a vehicle lease agreement with appellant, Hicks Enterprises (Hicks), when Hicks surrendered the leased vehicles to Ro-Lo. The

trial judge sitting without a jury found no abandonment. We affirm.

In January 1985, Ro-Lo and Hicks entered into a lease agreement whereby Ro-Lo leased to Hicks two trailers and a tractor for one year at a minimum rental of $400.00 per week. In October 1985, Hicks experienced problems in its business. As a result, the equipment was not being used. On November 1, 1985, Ro-Lo came to Hicks's place of business and with Hicks's consent removed the equipment. At that point, Hicks was current on its payments under the lease. According to James Hicks, he thought by surrendering the trailers and tractor to Ro-Lo he would have no further obligation under the lease.

In February 1986, Ro-Lo commenced this action to recover rent for the remaining nine weeks of the lease term. According to the Statement of the Case, Hicks's answer contained a general denial, an allegation the lease had been voluntarily terminated by agreement of the parties, and the defense the equipment had been leased to a third party for the remainder of the lease term so Ro-Lo suffered no damages. Following removal of the trailers, Ro-Lo made no periodic demand for unpaid rent. It was the custom of Ro-Lo to send someone every two weeks to collect the rental from Hicks.

We cannot glean from the record exactly what defenses were argued by Hicks at trial. The appealed order states Hicks based its defense upon abandonment which was not "proven by the preponderance of the evidence." Hicks raises by exception and argues in its brief that: (1) Ro-Lo's failure to perform excused its obligation to pay additional rent; (2) Ro-Lo rescinded the lease after the equipment was picked up; and (3) Ro-Lo waived its right to seek damages for breach of contract. However, it does not except to the judge's order that its only defense was abandonment. Hicks also raises no exception to the failure of the trial court to find the lease had been mutually terminated or the equipment was leased to a third party for the remainder of the original lease's term.

During oral argument, counsel for Hicks conceded the defense of waiver had not been presented to the trial judge for consideration. Likewise, we see no indication in the record that defenses of recission, breach of con-

tract by Ro-Lo, or absence of damages due to subsequent rental of the trailers were presented to the trial judge. We cannot grant relief on issues argued for the first time on appeal. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986); *Mackey v. Kerr-McGee Chemical Corp.*, 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984). Hicks also may not predicate error on the failure of the trial court to grant relief which is not prayed for in its pleadings. *Gainey v. Gainey*, 279 S. C. 68, 301 S. E. (2d) 763 (1983); *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984).

An action for money damages based on a written lease, like any other contract action, is an action at law. In a breach of contract action tried by a judge without a jury, our review of factual issues is confined to a determination of whether there is any evidence that reasonably supports the trial judge's findings. *Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Hicks does not argue there was an express agreement the lease would terminate at the time the equipment was returned to Ro-Lo. Instead, Hicks argues abandonment by Ro-Lo of its contract rights may be inferred from the circumstances of this case. Whether or not Ro-Lo intended to abandon its rights under the lease at the time the equipment was picked up depends upon the intention of the parties as ascertained from the facts and circumstances surrounding the transaction. Abandonment of the lease may be inferred from the acts of the parties and the attendant circumstances. *Quality Concrete Products, Inc. v. C. Y. Thomason*, 253 S. C. 579, 172 S. E. (2d) 297 (1970); 17 Am. Jur. (2d) *Contracts* Section 484 (1964).

Abandonment of contract by one party is the giving up of the right to a benefit due from the other party. *Pitcher v. Lauritzen*, 18 Utah (2d) 368, 423 P. (2d) 491 (1967). A contract will be treated as abandoned when the acts of one party inconsistent with its existence are acquiesced in by the other party. *Sauder v. Dittmar*, 118 F. (2d) 524 (10th Cir. 1941); 17 Am. Jur. (2d) *Contracts* Section 484 (1964). To constitute abandonment of contract by conduct, the actions relied upon must be positive, unequivocal, and inconsistent with the existence of a contract. *Mood v. Meth-*

*odist Episcopal Church South,* 289 S. W. 461 (Tex. Civ. App. 1926).

Hicks argues the following acts or conduct evidence ■ abandonment: (1) Ro-Lo picked up the equipment after they discussed the slowness of its business and the fact the trailers and tractor were not being used; and (2) at the time the equipment was picked up, the payments were current and Ro-Lo made no further demand for additional payments before bringing suit. While the above acts may be some indication Ro-Lo intended to surrender its right to receive future benefits under the contract, it is also inferrable Ro-Lo picked up the trailers and tractor with the intention of leasing them to a third party, thus reducing Hicks obligation under the contract.[1] Additionally, the lease had no early termination clause and Ro-Lo sought damages for the remainder of the term of the lease promptly after its termination date. All of these factors support the trial judge's finding of no abandonment by Ro-Lo of its rights under the lease. The order of the trial judge is accordingly

Affirmed.

SHAW and BELL, JJ., concur.

---

[1] There is no evidence in the record Ro-Lo subsequently leased the trailers and tractor to another party.