1198

E. C. SANDERS, Jr., Carl L. Meares, Jr., and W. D. Small, Appellants v.
COASTAL CAPITAL VENTURES, INC., Respondent.

(370 S. E. (2d) 903)

Court of Appeals

*Michael W. Battle,* of *Lovelace and Battle,* Conway, *for appellants.*

*Henrietta U. Golding,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondent.*

Heard May 16, 1988.

Decided Aug. 1, 1988.

LITTLEJOHN, Judge:

Plaintiffs E. C. Sanders, Jr., Carl L. Meares, Jr. and W. D. Small, Appellants (Sellers) sued Defendant Coastal Capital Ventures, Inc., Respondent (Buyer) for damages alleging that the Buyer breached a written contract to purchase a parcel of real estate. Buyer answered, and counterclaimed for return of monies paid in advance toward the purchase price, alleging that Sellers could not deliver a marketable title. Sellers replied to the counterclaim asserting as a defense equitable estoppel and laches. The issues were tried without a jury by the judge who found that the Sellers could not deliver a marketable title and ordered that the Sellers refund to the Buyer $128,088.10. Sellers have appealed. We affirm.

The Buyer, a condominium developer, signed an agreement to purchase beach property from the Sellers October 6, 1984, for a total price of $1,075,000. It provided for a down payment of $50,000 and for consummation of the contract on or before January 4, 1985; the closing date was postponed until April 4, 1985, in consideration of an additional $50,000 which was advanced. In April 1985 a second extension was agreed to upon the payment of $28,088.10 in interest which was also paid. Buyer has also spent about $20,000 incident to proceeding with developing the property.

In May 1985 the Buyer requested its attorney to examine the title to the subject property. On May 15, 1985, the Buyer advised the Sellers by certified mail letter that its attorney had discovered defects in the title relating to a rearrange-

ment of the streets as shown on a plat by which the Sellers procured the land, and by reason of a substantial part of the property being inundated by ocean tides water. The defects were more detailed in a letter dated June 13, 1985, written by the attorney to the Buyer which letter is a part of the record.

Patently the Buyer has proceeded in good faith and has been ready to complete the transaction except for the fact that the title was determined to be unmarketable.

The property involved is shown as a portion of The Cherry Grove Beach subdivision on a composite plat which includes many other lots forming a large subdivision. Sellers purchased the subject property in 1976 from East Cherry Grove Realty Company. The deed, into the Sellers, refers to a 1964 plat which became a part of the deed and provides the description of the property required. The 1964 plat shows two perpendicular streets, Canal Street and 40th Avenue East, crossing the property and intersecting at a boat ramp into an ocean tidal creek. The plat indicates that the mean high ocean tide line encroaches onto a portion of the subject realty.

In 1977 the Sellers recorded a new plat on which streets were relocated. Both Canal and 40th Avenue East were changed.

The basic question which the trial court, and this Court, is called upon to decide is whether the trial judge's ruling that the property was not marketable was supported by the evidence. In an action at law such as this for money damages for breach of a land sale contract, tried by the judge without a jury, the judge's finding of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports those findings. *Townes Assoc., Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Ro-Lo Enterprises v. Hicks Enterprises*, 294 S. C. 111, 362 S. E. (2d) 888 (Ct. App. 1987). This Court may review the trial judge's conclusions of law based upon the facts. *Midland Guardian Co. v. Thacker*, 280 S. C. 563, 314 S. E. (2d) 26 (Ct. App. 1984).

A purchaser of realty cannot be required to take a doubtful title. If there is a reasonable probability of litigation with respect to the title, it is unmarketable.

*Sales Intern. Ltd. v. Black River Farms Inc.*, 270 S. C. 391, 398, 242 S. E. (2d) 432, 435-6 (1978). A remote probability of lititation does not make property unmarketable.

In an effort to prove that the title was marketable, Sellers presented the testimony of Attorney Pike. The Buyer presented the testimony of Attorney Haar. While the testimony of Attorney Pike may create some inference of the marketability of the property, it was not convincing to the judge nor to this Court. On the other hand, Attorney Haar, who qualified as an expert, testified convincingly to the effect that the Sellers could not produce a marketable title. An attorney's opinion on this issue is not necessarily controlling but the testimony of Attorney Haar was convincing, and the Court agrees (as did the trial judge) with Haar's opinion when he stated:

> Based upon the plats that I have discovered, both from the surveyor and on the public record, it's my opinion that the title is not marketable because of the problem with the location of the streets. In Defendant's [Buyer's] Exhibit No. 3, the streets and lots are laid out in one fashion; this plat was referred to in the deed of conveyance to the plaintiffs [Sellers]. Subsequently we have a plat that was recorded that shows that the location of the streets and lots has been changed, and I could find nowhere on the public records an action had been brought to allow that change or to approve the relocation of those streets.

The Sellers seek comfort in a provision out of Cherry Grove Beach deeds, the overall subdivision developer. In those deeds will be found the following:

> Nothing herein shall constitute a dedication of any road, avenue, street, park, lane or beach, now shown upon, or hereafter annexed to the map of Cherry Grove Beach. The fee-simple right to all of these being reserved in, and unto, the grantor, the grantor's successors or assigns. With the further rights to the grantor to dedicate to the public use, or to otherwise convey, any one, or all, of the above mentioned reservations, provided; that the exercise of such rights shall not

interfere materially with the convenient ingress and egress, to and from the lot or lots hereby conveyed to the grantee or his assigns.

Reliance upon this provision to justify the relocation of streets is misplaced. It can be forcefully argued that the right to change the street arrangements is reserved to East Cherry Grove Realty Company. It can hardly be logically argued that each recipient of a deed from the original subdivision developer has the right to realign streets and roads.

The Buyer's rejection of the contract was justified because of the questioned right of the Sellers to relocate the streets.

The Buyer's rejection based on the tide lands issue is also valid. Property below the mean high water mark is presumed to be in the State of South Carolina. *Rice Hope Plantation v. South Carolina Public Service Authority*, 216 S. C. 500, 59 S. E. (2d) 132 (1950). The judge correctly found that the contract to convey included tide land properties extending beyond the mean high water mark.

The asserted defenses of waiver, estoppel and laches were not proved to the satisfaction of the trial judge. We agree with his ruling.

The Order of the lower court is accordingly

Affirmed.

SANDERS, C. J., and BELL, J., concur.