22951

CHARLESTON COUNTY SCHOOL DISTRICT, Respondent v.
CHARLESTON COUNTY, Appellant.

(376 S. E. (2d) 778)

Supreme Court

*A. Arthur Rosenblum,* Charleston, *for appellant.*

*Alice F. Paylor,* of *Rosen, Rosen, & Hagood,* Charleston, *for respondent.*

Heard Nov. 15, 1988.

Decided Feb. 6, 1989.

GREGORY, Chief Justice:

Respondent (School District) commenced this declaratory judgment action to determine whether it was entitled to certain funds withheld by appellant (County). The trial judge granted summary judgment to School District and ordered County to disburse the funds with prejudgment interest. We affirm.

County received the funds in question from the State of South Carolina pursuant to a federal statute, 16 U.S.C. § 500 (1976), which provides funds to the State to be earmarked for public schools and roads in counties in which a national forest is located. Fourteen counties in South Carolina receive funds pursuant to this statute. Each of these counties is entitled to twenty-five percent of receipts from the national forest in its venue.

By Act No. 34 of 1949, the State legislature provided for the disbursement of these federal funds to Charleston County to be apportioned between county school districts one and seven.[1] In 1951, the legislature consolidated school

---

[1] Only Charleston and Edgefield Counties are subject to specific legislation regarding disbursement of these funds.

districts one and seven into school district one. In 1967, the legislature consolidated all the school districts in Charleston County into the present School District. From 1967 until 1986, County paid all the funds received from the State to School District. In 1986, County took the position it is no longer required to disburse the funds because Act No. 34 of 1949 is invalid.

First, County contends Act No. 34 is invalid because it violates S. C. Const. art. III, § 34, which provides "where a general law can be made applicable, no special law shall be enacted." Nowhere does the record indicate this constitutional argument was raised to the trial judge, nor does his order address it. This issue is therefore not properly before this Court. *Talley v. S. C. Higher Educ. Tuition Grants Comm.*, 289 S. C. 483, 347 S. E. (2d) 99 (1986); *American Hardware Supply Co. v. Whitmire*, 278 S. C. 607, 300 S. E. (2d) 289 (1983).

Next, County contends Act No. 34 was repealed when the State legislature consolidated the specified school districts into the present School District in 1967. Again, the record does not indicate this issue was raised to the trial judge. Moreover, the trial judge's order states that the parties agreed School District is the proper successor in interest to the previous school districts. This issue is not properly before us. *Talley, supra.*

Next, County contends Act No. 34 is invalid because it violates the Home Rule Act enacted pursuant to S. C. Const. art. VIII, § 7. Article VIII, § 7, which provides for the establishment of five alternate forms of county government requires that "no laws for a specific county shall be enacted and no county shall be exempted from the general law or laws applicable to the selected alternative form of government." S. C. Code Ann. § 4-9-70 (1986) specifically provides that the Home Rule Act "shall not be construed to devolve any additional powers upon county councils with regard to public school education."

Legislation regarding public education in a particular county does not violate the Home Rule Act because public education is not the duty of the separate counties but of the General Assembly. *Moye v. Caughman*, 265 S. C. 140, 217 S. E. (2d) 36 (1975); S. C. Const. art. XI, § 3 (General Assem-

bly shall provide for maintenance and support of free public schools). We hold the trial judge correctly ruled Act No. 34, which involves State control of public education, does not violate the Home Rule Act.

Finally, County contests the award of prejudgment interest requested in School District's proposed amended complaint. County did not contest this amendment to the complaint and we find it was sufficient to place the demand for interest before the trial judge. County argues there is no statutory authority for an award of interest against a government agency. S. C. Code Ann. § 11-9-350 (1986), however, provides for an interest rate not to exceed 7% upon the obligations of a county. We therefore affirm the award of interest at the legal rate as ordered by the trial judge.

Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY, and TOAL, JJ., concur.