1599

William David MASON, Respondent v. Lola P. GOSSETT, Appellant.

(401 S.E. (2d) 425)

Court of Appeals

*Stephen S. Wilson,* of *The Ward Law Firm,* Spartanburg, *for appellant.*

*James R. Turner* and *Charles J. Hodge,* Spartanburg, *for respondent*

Heard Dec. 12, 1990.

Decided Jan. 21, 1991.

SHAW, Judge:

Respondent, William David Mason, brought suit against appellant, Lola P. Gossett, for injuries received in an automobile accident. Following a jury verdict in favor of Mason for $3,097.70 actual and $2,900 punitive damages, the trial court granted Mason's motion for a new trial as to damages only. Gossett appeals. We affirm.

On August 24, 1988, Mason and Gossett were travelling in opposite directions on a highway in Spartanburg County when their automobiles collided at an intersection. Mason contended Gossett turned left into his path causing the accident. Gossett claimed Mason signalled a left turn but instead proceeded straight and struck her car.

At trial, Mason made a motion for a directed verdict on the basis that the only reasonable inference to be drawn from the evidence was that Gossett was negligent as a matter of law. This motion was denied and the case was submitted to the jury which returned a verdict for Mason for $3,097.70 actual damages and $2,900 punitive damages. Mason then moved for a new trial on the issue of damages alone or, in the alternative, for additur. The trial judge found the verdict to be grossly insufficient and ordered a new trial on the issue of damages alone.

Gossett first contends the trial judge erred in granting Mason a new trial solely on the issue of damages in violation of S.C. Code Ann. § 15-33-125 (Supp. 1989) which provides as follows:

> A new trial may be granted to the plaintiff on the issue of damages only and not liability when the only reasonable inference to be drawn from all the evidence, viewed in the light most favorable to the defendant, is that the plaintiff is entitled to a verdict in his favor on the issue of liability as a matter of law. Unless the plaintiff is entitled to a directed verdict on the issue of liability, any new trial must include both issues of liability and damages.

Gossett argues that, because the trial judge had previously denied Mason's motion for a directed verdict on the issue of li-

ability, his ruling granting a new trial as to damages only was contrary to § 15-33-125. The trial judge's previous ruling on the motion for directed verdict is not dispositive of the issue at hand. Because Gossett made no objection to the trial judge's ruling granting the new trial on damages nor made a motion for reconsideration under Rule 59(e) raising the issue of the statute in question, this point of law was not ruled on by the court below. Where a question has not been decided by the lower court, this court will not consider it on appeal. *See Rental Uniform Service v. K&M Tool and Die, Inc.*, 292 S.C. 571, 357 S.E. (2d) 722 (Ct. App. 1987); *Hudson v. Hudson*, 294 S.C. 166, 363 S.E. (2d) 387 (Ct. App. 1987); *Talley v. S.C. Higher Educ. Tuition Grants*, 289 S.C. 483, 347 S.E. (2d) 99 (1986).

Gossett also contends the trial judge erred in granting Mason a new trial solely on the issue of damages arguing the issues of liability and damages were so inextricably intertwined that they should be tried together. Again, the record indicates no objection was made at trial to the court's ruling and no motion for reconsideration under S.C.R.C.P. 59(e) was made based on this argument.

Finally, Gossett asserts the trial judge erred in granting Mason a new trial on the issue of damages arguing the damages awarded by the jury were adequate. Motions for a new trial based on inadequacy of the verdict are addressed to the sound discretion of the trial judge. *Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 361 S.E. (2d) 775 (Ct. App. 1987). The trial judge, sitting as the thirteenth juror, is charged with the duty of seeing that justice is done. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984). A trial judge's order granting a new trial will not be disturbed unless the decision is wholly unsupported by the evidence or the conclusion reached was controlled by an error of law. Our review is limited to the consideration of whether evidence exists to support the trial court's order. *Folkens v. Hunt*, 300 S.C. 251, 387 S.E. (2d) 265 (1990).

The record before us indicates Mason suffered special damages in the amount of $3,260.40. Mason testified as to continued pain and suffering and his physician testified as to Mason's permanent impairment. Under the circumstances we cannot say the trial judge's ruling is "wholly unsupported by the evidence." *Id.* 387 S.E. (2d) at 267.

For the foregoing reasons, the order below is affirmed.

BELL and CURETON, JJ., concur.