578 S.E.2d 746

**R.C. McENTIRE, Jr., and Pamela T. McEntire, Respondents,**

v.

**MOOREGARD EXTERMINATING SERVICES, INC., Appellant.**

No. 3613.

Court of Appeals of South Carolina.

Submitted Jan. 10, 2003.

Decided March 17, 2003.

---

Thomas Bailey Smith, of Myrtle Beach, for Appellant.

William S. Duncan, of Georgetown, for Respondents.

GOOLSBY, J.:

R.C. McEntire, Jr. and Pamela T. McEntire brought this action against Mooregard Exterminating Services, Inc., alleging, among other things, the breach of a termite contact. The jury found for Mooregard Exterminating. The McEntires filed a post-trial motion, seeking a new trial pursuant to the thirteenth juror doctrine. They also sought a judgment notwithstanding the verdict and, alternatively, a new trial. At no time during the trial itself did the McEntires move for a directed verdict. The trial court granted the McEntires "a new trial upon the facts," as a ruling pursuant to the thirteenth juror doctrine is also called.[1] Mooregard Exterminating appeals, contending a party must make a directed verdict or similar motion before a trial court can grant a new trial based on the facts. We disagree and therefore affirm.[2]

In *Folkens*, the supreme court held a trial judge's order granting or denying a new trial based on the thirteenth juror doctrine will not be disturbed unless the trial judge's "decision is wholly unsupported by the evidence or the conclusion reached was controlled by an error of law."[3] Here, the issue raised by Mooregard Exterminating does not question the

---

1. *Folkens v. Hunt*, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990).

2. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

3. 300 S.C. at 254–55, 387 S.E.2d at 267.

sufficiency of the evidence to support the trial judge's ruling; rather, it argues his decision was controlled by an error of law.

■ Although, as Mooregard Exterminating contends, a directed verdict motion is a prerequisite to a motion for judgment notwithstanding the verdict[4] or for a motion for a new trial on the ground that the evidence does not support the verdict,[5] we know of no case—and Mooregard Exterminating cites none to us—in which either the supreme court or the court of appeals, at least since the adoption of the South Carolina Rules of Civil Procedure, has held a trial judge lacks the power to grant a new trial upon the facts if the moving party earlier failed to make a directed verdict or an equivalent motion.[6]

■ The granting of a new trial upon the facts is not the equivalent of granting a directed verdict.[7] A directed verdict is warranted when "the case presents only questions of law"[8] and "should be allowed only if the evidence would not be legally sufficient to sustain a verdict for the opposite party."[9]

---

**4.** *Johnson v. Hoechst Celanese Corp.*, 317 S.C. 415, 420, 453 S.E.2d 908, 911 (Ct.App.1995).

**5.** *Peay v. Ross*, 292 S.C. 535, 537, 357 S.E.2d 482, 483 (Ct.App.1987).

**6.** We are aware of *Scott v. Seymour*, 105 S.C. 42, 89 S.E. 398 (1916), a South Carolina case which can be read as holding that a motion for a new trial on the ground the verdict was contrary to the evidence could not be sustained because the appellant failed to make a motion for a nonsuit or for a directed verdict as required by what was then Rule 77 of the Circuit Court Rules. *See* 66 C.J.S. *New Trial* § 69c, at 205 (1950) (citing *Scott* and stating: "Generally a new trial on the ground that a verdict is against the evidence ... will not be refused because the movant failed to ask that the case be taken from the jury, but some decisions apparently follow a contrary rule ....") (footnotes omitted). Rule 77 (which later became Rule 76), however, no longer exists. See Rule 86, SCRCP (making July 1, 1985, the effective date of the *South Carolina Rules of Civil Procedure* ).

**7.** See 58 Am.Jur.2d *New Trial* § 3, at 86–87 (2002) ("A motion for a new trial is governed by a different standard than a motion for a directed verdict.").

**8.** Rule 50(a), SCRCP.

**9.** 58 Am.Jur.2d *New Trial* § 3, at 87.

The question of whether the evidence adduced by a party can support a verdict in the party's favor is a question of law.[10]

On the other hand, a trial judge may grant a new trial upon the facts if the judge determines the verdict "is contrary to the fair preponderance of the evidence."[11] Unlike a motion for directed verdict, the trial judge weighs the evidence under the thirteenth juror doctrine[12] and need not view it in the light most favorable to the opposing party.[13] Moreover, the question of whether to grant a new trial upon the facts is one addressed to the discretion of the trial judge.[14]

Because the question of whether the evidence is legally sufficient to support a verdict—a question of law—is totally different from the question of whether the fair preponderance of the evidence supports a verdict—a question involving the exercise of discretion—there is no inconsistency in a party's failure to move for a directed verdict and a party's moving to have the verdict set aside as being against the fair preponderance of the evidence.[15] Stated differently, "[i]t may well be that a party's evidence makes a case for the jury while it is so outweighed by the countervailing evidence that, in the exercise of its discretion, the trial court should not hesitate to set aside the verdict in his favor."[16]

A motion for a directed verdict or similar motion, therefore, was not a prerequisite to a motion to set aside the verdict on

---

10. *Id.* § 4, at 87.

11. *Dent v. Redd,* 270 S.C. 585, 586, 243 S.E.2d 460, 460 (1978).

12. *Ridings v. Norfolk S. Ry. Co.,* 894 S.W.2d 281, 288 (Tenn.Ct.App. 1994).

13. *See Parker v. Evening Post Publ'g Co.,* 317 S.C. 236, 247, 452 S.E.2d 640, 646 (Ct.App.1994) (stating the trial court may take its own view of the evidence).

14. *South Carolina State Highway Dep't v. Clarkson,* 267 S.C. 121, 126, 226 S.E.2d 696, 697 (1976).

15. *Russell v. Pilger,* 113 Vt. 537, 37 A.2d 403, 414 (1944).

16. *Id.*

the ground the verdict was contrary to the fair preponderance of the evidence.

**AFFIRMED.**

HEARN, C.J., and SHULER, J., concur.