THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Timothy M. Carter,       
Respondent,
 
 
 

v.

 
 
 
Marion Elizabeth Morris,       
Appellant.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-648
Heard October 13, 2004  Filed December 
 21, 2004

AFFIRMED

 
 
 
Patrick W. Carr, of Charleston. for Appellant.
William P. Hatfield, Robert D. McKissick, of Florence,
for Respondent.
 
 
 

HEARN, C.J.:  Marion Elizabeth 
 Morris appeals the trial courts order granting Timothy M. Carters motion for 
 a new trial, arguing the trial court judge abused his discretion in considering 
 offers of settlement and in failing to view the evidence in the light most favorable 
 to the nonmoving party.  We affirm.
FACTS
Carter and Morris were involved in an 
 automobile accident on March 30, 2001.  At the time of the accident, Carter 
 was stopped at an intersection and was immediately preceded by the vehicle driven 
 by his wife.  After the traffic light turned green, Carter and his wife proceeded 
 forward, but both slowed for another vehicle turning in front of them.  After 
 the other driver made his turn, Carters wife moved forward.  According to Carter, 
 he had taken his foot off the brakes but had not yet pressed the gas when he 
 was rear-ended by Morris.  
The impact from the collision caused 
 the rear axle of Carters vehicle to bend and the back end to fly into the air.  
 The front end of Morriss car slid underneath Carters SUV and sheared the cable 
 securing the spare tire underneath.  The tire was thrown between seventy-five 
 and one hundred feet before it landed in a nearby field.  The impact also pushed 
 Carters vehicle between twenty-five and forty feet forward.  Following the 
 accident, Carter complained of injuries to his neck, back, and hands. 
At trial, Morris admitted negligence 
 but contested the issues of proximate cause and damages.  The jury returned 
 a verdict in favor of Morris.  Carter immediately moved for a new trial under 
 the thirteenth juror doctrine and for a new trial absolute based on the gross 
 inadequacy of the verdict.  Morris opposed the motion, arguing there was contradictory 
 evidence regarding to causation and asserting that a new trial based on the 
 inadequacy of the verdict was inappropriate because Carter never moved for a 
 directed verdict.  In deciding the motion, the judge orally set forth the legal 
 principles for both the thirteenth juror and the new trial absolute doctrines.  
 He further stated:

 The Court has to set aside, not being relevant, 
 any negotiation that takes place prior to trial or during the trial, but I cant 
 ignore the fact that I know there were negotiations and the Plaintiff didnt 
 think it was sufficient or adequate.  There are substantial offers that have 
 been made in this case by the Defendant and of course that doesnt become an 
 issue or question of law for a hearing.  But I know in the Defendants attempt 
 to resolve it, evaluate it, and to make an offer of a substantial sum of money 
 and during the discovery period and the exchange of interrogatories and depositions 
 that the Defense, in their approach to the case, they had an exposure to liability 
 and they dont make substantial offers if they dont feel that the Plaintiffs 
 got [sic] a case, legitimate injury of proof as to carpal syndrome. That is 
 the crux of the case in the defense.  

No objection was made to the trial judges discussion 
 of settlement negotiations.
The trial judge granted the motion for 
 a new trial without stating under which doctrine.  From this order, Morris appeals.  

LAW/ANALYSIS
Morris first argues the 
 trial judge abused his discretion and committed an error of law by considering 
 settlement negotiations when he granted Carters motion for a new trial.  We 
 find this issue is not preserved for our review.  
Generally, an issue must be raised to and 
 ruled upon by the trial judge in order to be preserved for appellate review. 
  Talley v. South Carolina Higher Educ. Tuition Grants Comm., 289 S.C. 
 483, 487, 347 S.E.2d 99, 101 (1986).  A matter that was not raised to or ruled 
 upon by the trial court cannot be considered by this court.  Id. at 487, 
 347 S.E.2d at 101.  Where a question has not been decided by the lower court, 
 this court will not consider it on appeal.  Mason v. Gossett, 303 S.C. 
 466, 468, 401 S.E.2d 425, 426 (Ct. App. 1991) (citations omitted).  
In Mason, the appellant 
 argued that the trial judge erred in granting a new trial solely on damages, 
 as opposed to granting a new trial on damages and liability, because such a 
 ruling was in violation of a statute and because the issues were so inextricably 
 intertwined that they should be tried together.  This court found the issues 
 not preserved for appeal because the appellant made no objection to the judges 
 grant of a new trial on damages alone and because the arguments raised on appeal 
 were not raised to the trial court by Rule 59(e) motion.  Id. at 467-68, 
 401 S.E.2d at 426.   The court noted that because the issue concerning the statutory 
 violation was not raised, that point of law was not ruled upon.  Id. 
 at 468, 401 S.E.2d at 426.
Similarly, in this case, the 
 issue concerning improper consideration of settlement negotiations was not raised 
 to the trial judge by objection at the time of the statement.  After Carter 
 moved for a new trial, the judge set forth his reasons for granting the new 
 trial on the record.   The judge reasoned initially that he could not consider 
 settlement negotiations because they were irrelevant, but then stated that I 
 cant ignore the fact that I know there were negotiations and the Plaintiff 
 didnt think it was sufficient or adequate.  Morris did not contemporaneously 
 object to the judges consideration of the settlement negotiations.  Because 
 this particular objection was not ruled upon by the trial court, it is not preserved 
 for appeal.  See id.; see also Portman v. Garbade, 
 337 S.C. 186, 189, 90, 522 S.E.2d 830, 832 (Ct. App. 1999) (finding argument 
 that judge improperly considered evidence outside the scope of Rule 12(B)(6) 
 when granting the motion to dismiss not preserved for appeal when the issue 
 was not raised to or ruled on by the trial judge either by objection or by Rule 
 59(e) motion).  
Morris also contends the trial judge erred 
 by failing to consider the evidence in the light most favorable to the non-moving 
 party when he granted Carters motion for a new trial.  We disagree.  
Under the thirteenth juror 
 doctrine, a trial judge may grant a new trial upon the facts if the judge determines 
 the verdict is contrary to the fair preponderance of the evidence.  McEntire 
 v. Mooregard Exterminating Servs., Inc.,  353 S.C. 629, 631, 578 S.E.2d 
 746, 74 (Ct. App. 2003) (quoting Dent v. Redd, 270 S.C. 585, 586, 243 
 S.E.2d 460, 460 (1978)).  The trial judge weighs the evidence and does not view 
 it in the light most favorable to the non-moving party.  Id.  
However, the trial court may also grant 
 a new trial if the verdict is excessive or inadequate.  Rush v. Blanchard, 
 310 S.C. 375, 379, 426 S.E.2d 802, 805 (1993).  The trial court should grant 
 a new trial based on the excessiveness of the verdict only if the amount is 
 not merely different from that which he would have awarded, but is so grossly 
 excessive so as to shock the conscience of the court and clearly indicates that 
 the figure reached was the result of caprice, passion, prejudice, partiality, 
 corruption, or other improper motives. Id. at 379-80, 426 S.E.2d at 
 805. The trial judge must consider the evidence in the light most favorable 
 to the non-moving party.  McEntire, 353 S.C. at 631, 578 S.E.2d at 748.    

As a threshold matter, we must determine 
 whether the trial judge granted the motion for a new trial under the thirteenth 
 juror doctrine or as a new trial absolute.  Neither the judges oral order nor 
 his written order specifies under which doctrine he granted the new trial.   
 However, it is axiomatic that a party must first be found entitled to damages 
 before the amount of damages can be determined or challenged as inadequate.  
 Therefore, we find the judge could only have granted a new trial based on the 
 thirteenth juror doctrine because a new trial absolute based on the gross inadequacy 
 of the verdict is improper when the verdict is in favor of the non-moving party.   
 See Harrison v. Bevilacqua,  354 S.C. 129, 140, 580 S.E.2d 
 109, 115 (2003) (If the amount of the verdict is grossly inadequate 
 or excessive so as to be the result of passion, caprice, prejudice, or some 
 other influence outside the evidence, the trial judge must grant a new trial 
 absolute. (emphasis added)); Trivelas v. South Carolina Dept. of Transp., 
 357 S.C. 545, 551, 593 S.E.2d 504, 507 (Ct. App. 2004) (South Carolina's 
 thirteenth juror doctrine allows the circuit court judge to grant a new trial 
 absolute when the judge finds the evidence does not justify the verdict.) 
 (emphasis added)).  Thus, the trial judge was not required to view the evidence 
 in the light most favorable to the Morris.  See McEntire,  353 
 S.C. at 631, 578 S.E.2d at 747 (stating that under the thirteenth juror doctrine, 
 the trial judge does not view it in the light most favorable to the non-moving 
 party).
Moreover, Morris did not file a Rule 59(e) 
 motion seeking clarification on whether the judge granted a new trial based 
 on the thirteenth juror or on the ground that the verdict was grossly inadequate.  
 Thus, this issue is not preserved for appeal because the trial judge was never 
 afforded the opportunity to clarify his order.  See Talley, 289 
 S.C. at 487, 347 S.E.2d at 101 (stating that an issue must be raised to and 
 ruled upon by the trial judge in order to be preserved for review); Nelums 
 v. Cousins  304 S.C. 306, 307-08, 403 S.E.2d 681, 681-82 (Ct. 
 App. 1991) (finding appellants argument that the judge failed to be specific 
 in his order not preserved for review because no Rule 59(e) motion was made 
 asking the judge to clarify the order). 
Accordingly, the order granting Carter a 
 new trial is hereby
AFFIRMED.
HUFF and KITTREDGE, JJ., concur.