**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gernaris Hamilton, Appellant,

v.

Henry Scott, Sr., Respondent.

Appellate Case No. 2015-002039

———————————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-059
Submitted December 1, 2016 – Filed January 25, 2017

———————————

**AFFIRMED**

———————————

Gernaris Hamilton, of Ladson, pro se.

Bruce Alan Berlinsky, of Charleston, for Respondent.

———————————

**PER CURIAM:** Gernaris Hamilton sued Henry Scott, Sr. in magistrate's court, alleging unlawful ouster and unlawful withholding of a security deposit. The magistrate held a nonjury hearing and granted judgment for Scott. The circuit

court affirmed, and Hamilton now appeals to this court. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

As to whether the magistrate erred in finding Scott had a right to enter the premises without a writ of ejectment: S.C. Code Ann. § 27-40-530(d)(4) (2007) (permitting a landlord to enter a leased residence if "the tenant has abandoned or surrendered the premises").

As to whether the magistrate erred in proceeding with a nonjury trial even though Scott had previously requested a jury trial: *Talley v. S.C. Higher Educ. Tuition Grants Comm.*, 289 S.C. 483, 487, 347 S.E.2d 99, 101 (1986) ("It is an axiomatic rule of law that issues may not be raised for the first time on appeal."); *Tupper v. Dorchester Cty.*, 326 S.C. 318, 324 n.3, 487 S.E.2d 187, 190 n.3 (1997) ("[An] appellant cannot bootstrap an issue for appeal by way of [another party's] objection.").

As to whether the magistrate should have continued the matter when Hamilton's attorney left the magistrate's court before commencement of the hearing: *Talley*, 289 S.C. at 487, 347 S.E.2d at 101 ("It is an axiomatic rule of law that issues may not be raised for the first time on appeal."); *In re Care and Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled on by the trial court to be preserved for appeal.").

As to whether the evidence supported the magistrate's rulings: S.C. Code Ann. § 18-7-170 (2014) (stating the standard of review to be applied by the circuit court when reviewing a magistrate's judgment); *Burns v. Wannamaker*, 281 S.C. 352, 357, 315 S.E.2d 179, 183 (Ct. App. 1984) (acknowledging "the [c]ourt of [a]ppeals will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.