### 19860

Elizabeth Frances RHODES, Appellant, v. SPARTANBURG COUNTY, Respondent

(207 S. E. (2d) 85)

*Patrick E. Knie, Esq.,* of *Moore, Stoddard & Sanders,* Spartanburg, *for Appellant,*

*Rembert D. Parler, Esq.,* of Spartanburg, *for Respondent,*

*Patrick E. Knie, Esq., of Moore, Stoddard & Sanders,* Spartanburg, *for Appellant,* in Reply.

July 16, 1974.

BRAILSFORD, Justice:

In this action for damages arising from an automobile collision, the defendant conceded liability, and the parties stipulated to property damage of $3000.00. The jury was instructed to separate the amount of damages awarded for loss of earnings from that awarded for personal injury

generally. The verdict was for plaintiff, "(T)hree thousand dollars property damage, and two thousand eighty-seven dollars for personal injury, and one thousand two hundred dollars loss of income." Plaintiff, who at the time of her injury was a twenty-one-year-old co-ed at the University of South Carolina in Spartanburg, has appealed on four exceptions. Respondent raises two preliminary procedural questions which will be disposed of first.

The proposed case and exceptions served upon respondent consisted of a statement and four exceptions. The respondent served upon appellant a proposed amendment substituting a new statement for the one served, which was disallowed by appellant. Pursuant to Rule 4, Section 7, the case was submitted to the trial judge for settlement. The court allowed the substitution of the statement proposed by respondent, and also granted appellant's request to be allowed to print the pleadings and transcript of the trial which, apparently, had been omitted from the case as originally served by inadvertence. Respondent complains that the court exceeded its authority by allowing the insertion into the case for appeal of the pleadings and transcript which had not been served on respondent within the time allowed; and contends that so much of the order as went beyond the allowance of the respondent's proposed amendment was a nullity. We disagree. The notice by which the matter got before the judge is not included in the transcript. However, by the terms of Rule 4, Section 7, "the case (was) submitted to (him) for settlement." Upon such submission, the judge "can allow so much of the case proposed, or amendments as he sees fit, or he can make a report of the whole case himself, and we are bound by whatever case the judge makes. It is his duty to give some settlement and report in order that the cause may be heard on appeal." *Southern Pine Lumber Co. v. Martin,* 118 S. C. 319, 110 S. E. 804, 805 (1921). See also the well considered opinion by the present Chief Justice in *South Carolina State Highway Dept. v. Meredith,* 241 S. C. 306, 128 S. E. (2d) 179 (1962), and the authorities therein reviewed.

There can be no doubt that the subject matter before the trial judge was the settlement of the case for appeal nor that he had jurisdiction of it. He issued an order settling the case from which no appeal has been taken. The parties and this Court are bound by the case so made.

Respondent next urges that the appeal be dismissed for failure of any of the four exceptions to comply with Rule 4, Section 6. Exception one assigns as error the admission of evidence as to payments made to appellant by her employer during the period of her alleged disability, in violation of the collateral source rule. Exception two charges that the judge erred in refusing to instruct the jury concerning this rule. In the light of *Powers v. Temple,* 250 S. C. 149, 156 S. E. (2d) 759 (1967), and the body of law concerning this rule from other jurisdictions, Annot., 7 A. L. R. (3d) 516, 522 (1966), the point made by these exceptions seems abundantly clear. We find no merit in exceptions 3 and 4, and, since neither contains a complete assignment of error, we overrule them without discussion.

Plaintiff's automobile was struck from behind on May 8, 1972. She was hospitalized on that day and discharged on May 12. Initial x-rays were negative, but a fracture of the fifth metatarsal of the foot was discovered later. She suffered headache and other pains and was nervous and upset. Her injuries, in addition to the fracture, were diagnosed as "whiplash of the neck, contusions of the forehead, contusions of the right elbow, right knee, and left ankle." A collar was placed on her neck which she wore until August 14. Upon her discharge from the hospital, appellant continued under her doctor's care. She made seven visits to his office and was discharged as recovered on October 21, 1972.

Plaintiff's father was owner and operator of Confederate Motor Speedway. She managed two canteens at the track which were open for business only on Saturday nights from April to October during the racing season. She testified that

she worked long hours on Saturdays getting ready for the night's business, and that she did some work on other days, such as cleaning up, taking inventory and replenishing stock. According to her testimony, her gross pay was $145.00 per week. Plaintiff testified that she was disabled by her injuries from performing any work for the remainder of the 1972 racing season, a period of twenty-six weeks during which she earned no wages.

It was developed on cross-examination that during the period of plaintiff's alleged disability, she received semi-monthly payments of $125.00 from her father's business, at least three of these payments were by checks identified on their faces as being "For Labor." Plaintiff's counsel objected to this evidence on the ground that it violated the collateral source rule. We think that the evidence was clearly admissible as bearing upon the credibility of plaintiff's testimony that she performed no services for which she received pay for a period of twenty-six weeks following her injury. However, plaintiff was entitled to an instruction embodying the collateral source principle, for example, that if because of her disability plaintiff performed no services and earned no wages during this period, then the jury, in assessing her damages for loss of time from her employment, should disregard the semi-monthly payments which she received from her employer while disabled.

Defendant contends that the court did not err in failing to so instruct, because none of the three requests submitted by plaintiff was properly tailored to the facts of this case. We are not convinced of this, and it was not the ground of the court's ruling. When, prior to charging the jury, the judge announced that he refused these instructions, counsel inquired whether it was because he did not "recognize the collateral source rule." The judge replied that he recognized the rule but did not think it applicable to this case. Again, at the conclusion of the charge, when counsel excepted to the unqualified instruction that lost earnings was the measure of this element of damages, the

court declined to supplement the instructions, ruling that the evidence "takes (the case) completely out of the collateral source rule." We are convinced that this was error, and that the error was adequately preserved for review. However, this error could have operated to plaintiff's prejudice only in the assessment of the amount to be awarded her for loss of earnings or loss of time from her employment. The case will be remanded for a new trial of this issue only.

Reversed in part, affirmed in part and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.