22439

Lyle STELTER, Respondent, v. Ira Ken KEENAN, Appellant.
(339 S. E. (2d) 116)

Supreme Court

---

[1] We express no opinion whether Rule 4(d)(3), SCRCP, would change the result in a similar case.

*Dana C. Mitchell, III* of *Foster & Mitchell*, Greenville, *for appellant.*

*Douglas F. Patrick* of *Foster, Covington & Patrick*, Greenville, *for respondent.*

Heard Nov. 20, 1985.

Decided Jan. 6, 1986.

FINNEY, Justice:

The respondent, Lyle Stelter, sued the appellant, Ira Ken Keenan, to recover thirteen thousand three hundred four-

teen and 15/100 ($13,314.15) dollars, plus interest, for work allegedly performed on appellant's boat. By the same complaint, the respondent also sought actual and punitive damages for trespass upon his property. The appellant answered by general denial and filed a counterclaim seeking damages. At trial the jury returned a verdict in favor of the respondent for eight thousand ($8,000.00) dollars actual damages and one thousand five hundred ($1,500.00) dollars punitive damages. In this appeal, the appellant alleges that he was denied a fair and impartial trial due to jury bias, that the trial court erred in settling the record, and that the trial court erred in denying his motion for judgment n.o.v. We affirm.

On Tuesday, November 28, 1983, this case was called for trial. The respondent, his attorney, and the appellant's attorney were present during the court's voir dire of the jury venire and selection of the trial jury. Although the appellant was not present at either stage of these proceedings, the record does not reflect that his attorney made a motion for a continuance. Sometime after trial, the appellant did submit an affidavit in which he swore that he was in the hospital at the time that the trial jury was drawn, but this information was not brought to the trial judge's attention during trial, nor was the affidavit submitted in a timely manner.

After the jury was impaneled but prior to the start of the trial, the appellant arrived in the courtroom. During the court's first recess and out of the presence of the jury, the following dialogue took place:

> APPELLANT'S ATTORNEY:[1] It has been brought to my attention by my client, who was not present at the selection of the jury, that he has been the plaintiff in a legal action wherein one of the jurors, Juror Branch, was a defendant. I would move at this time for an in-camera voir dire of Mr. Branch to determine whether or not having been involved in litigation with the defendant would influence or cause him to have any bias in this case.

[1] Appellant's trial counsel was not his counsel on appeal.

THE COURT: The Court asked on voir dire of the jury if they were related to either of the parties. The Court also asked if any juror were aware of the facts in the case or if they had any reason that they could not give both the plaintiff and the defendant a fair and impartial trial, and there was no response. The Court would not talk with the juror at this point. Your motion is noted and denied.

Now bring out the jury.

No motions were made by the appellant at this time.

The trial then proceeded with Juror Branch and the eleven additional jurors previously drawn. Appellant's counsel not only failed to make a motion for a mistrial, but he also failed to make an offer of proof as to the prior relationship between the appellant and Branch, or to present any testimony as to prejudice to his client should Branch continue to serve.

Section 14-7-230, South Carolina Code of Laws (1976), provides that:

> Not less than ten nor more than twenty days before the first day of each week of any regular or special term of the circuit court, the jury commissioners shall proceed to draw forty petit jurors to serve for such week only.

In accordance with Section 14-7-250:

> Such drawings shall be made openly and publicly in the Office of the Clerk of Court of Common Pleas and the jury commissioners shall give ten days notice of the place, day and hour of each of such drawings ...

The record is void of any evidence or allegation by the appellant that he and his attorney did not have access to the jury list at least ten days prior to the selection of the panel. Had they viewed the list when it became available, appellant could easily have discovered the presence of Branch and dealt with the situation accordingly.

This court has held that a trial judge has a duty to conduct an inquiry if the question of juror bias is presented. *State v. Britt*, 237 S. C. 293, 117 S. E. (2d) 379 (1960); *State v. Holland*, 261 S. C. 488, 201 S. E. (2d) 118 (1973). However, these holdings do not absolve trial counsel

of his responsibility to bring to the court's attention in a timely manner any potential bias or prejudicial matters which could affect his client. If an objection is made after a jury is impaneled, the objecting party must show that he could not, in the exercise of due diligence, have discovered the grounds for objection before the jury was impaneled. *State v. Williams,* 266 S. C. 325, 223 S. E. (2d) 38 (1976).

The appellant's motion for a new trial on the grounds of juror bias was not made at the trial level. When the matter was brought up at the court's first recess, no motions were made. When the jury returned a verdict in favor of the respondent at the close of the trial, appellant's counsel moved only for judgment n.o.v., but not for a new trial on the grounds of juror bias. The appellant failed to preserve his exceptions or to create a record upon which this court could support the granting of a new trial.

The appellant also excepts to the trial judge's refusal to include in the official trial transcript an affidavit and other evidence as to his prior relationship with Branch. It is undisputed that these items were not introduced during the trial of the case and were not considered by the trial judge. A trial court's decision in settling the record will not be disturbed absent a clear showing of abuse of discretion. *Rhodes v. Spartanburg County,* 262 S. C. 644, 207 S. E. (2d) 85 (1974). We hold that the trial judge did not abuse his discretion in declining to include as a part of the official transcript Items A through K of appellant's appendix. We have reviewed the appendix, but refuse to speculate as to what should have been the proper position for the trial court to have taken had this evidence been before him.

The appellant's exception to the trial judge's refusal to grant his motion for judgment n.o.v. is without merit, as there is sufficient evidence in the record to support the jury's verdict for both actual and punitive damages.

The decision of the trial judge to allow Juror Branch to serve, his denial of appellant's motion for judgment n.o.v., and his order settling the record are hereby affirmed.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.