1534

Bobbie SMITH, Appellant v. RIDGEWAY CHEMICALS, INC., a North Carolina Corporation, and Norman P. Khoury, M.D., Respondents. Robert F. SMITH, Jr., Appellant v. RIDGEWAY CHEMICALS, INC., a North Carolina Corporation, and Norman P. Khoury, M.D., Respondents.

(395 S.E. (2d) 742)

Court of Appeals

*James E. Gonzales*, North Charleston, *for appellants.*

*M. Dawes Cooke, Jr., Robert H. Hood,* and *Mark V. Evans,* Charleston, *for respondents*

Heard June 4, 1990.

Decided Aug. 27, 1990.

*Per Curiam:*

Plaintiff Bobbie Smith brought a cause of action in negligence, breach of warranty and strict liability against Defendant Ridgeway Chemicals, Inc., and in the same Complaint brought a cause of action against Dr. Norman P. Khoury alleging medical malpractice. Sometime later her husband, Robert F. Smith, Jr., filed a Complaint against the same Defendants, alleging loss of consortium, upon the same grounds set forth in his wife's causes of action. Both Defendants filed Answers denying liability and asserting the usual defenses.

The cases were consolidated for trial and for this appeal.

The judge granted a directed verdict against both Plaintiffs as to breach of warranty. He charged the jury that it could find actual and punitive damages against either or both Defendants.

The jury found against the husband's loss of consortium claim. It wrote a verdict in the amount of $55,000 actual damages plus $2,500 punitive damages in favor of Bobbie Smith against Dr. Khoury only. Ridgeway Chemicals, Inc., was exonerated by the jury as to all claims.

Both Plaintiffs have appealed asserting twelve exceptions. Those issues are argued to the Court by way of eight questions recited in Appellants' brief. We affirm.

Bobbie Smith worked for Porsche in North Charleston from late summer of 1985 until April 1987. She was principally a detailer in an assembly line operation, in which new cars rolled through a line of quality control workers, who applied water and chemicals to remove cosmoline (wax) from the exterior of each automobile, and to remove other foreign matter such as glue and grease from the interior of the automobiles. In late 1985 or early 1986 Bobbie Smith developed skin, nasal and respiratory health problems and a possible polyneuropathy of her extremities—damage to the nerves controlling the muscles of the extremities.

To diagnose and treat her health problems she saw several physicians. A neurologist referred her to Defendant Khoury to biopsy a sensory (sural) nerve of the left leg to help identify the causes of her polyneuropathy. Khoury inadvertently biopsied a mixed motorsensory (tibial) nerve. She underwent graft surgery in an attempt to repair the nerve damage.

The gist of Bobbie Smith's claim grows out of her contention that Ridgeway Chemicals, Inc., negligently supplied dangerous chemical cleaning materials to which she was exposed by her employer, causing her injuries. The gist of Robert F. Smith, Jr.'s, claim is that as husband he was deprived of consortium rights because of the wrongdoing of the Defendants.

The agreed statement of fact recites:

> . . . Plaintiffs timely filed and served motions for Judgment N.O.V. or new trial as to all verdicts, with said motions being denied by the trial judge by order served on the Plaintiffs on December 8, 1988.

The grounds of the motions and the order have not been included in the record.

We hold that the trial judge properly overruled all motions for judgments notwithstanding the verdict. This motion is available to one suffering an adverse ruling of the jury only when the same issues were submitted to the judge at the directed verdict stage. Inasmuch as no motion

was made for a directed verdict at the conclusion of the trial, no motion for relief as a matter of law is available after the jury verdict. See Rule 50 SCRCP and *Henderson v. St. Francis Community Hospital*, 295 S.C. 441, 369 S.E. (2d) 652 (Ct. App. 1988).

Appellants submit error on the part of the trial judge in directing a verdict in both cases as to breach of warranty. We find no error.

Since the evidence was insufficient to sustain the action for strict liability, it naturally follows that the actions based on implied warranty and negligence must likewise fail under the facts of this case. A common element to each of these separate causes of action is proof that the product was not reasonably fit or safe for its intended use. *Claytor v. General Motors*, 277 S.C. 259, 286 S.E. (2d) 129, 132 (1982).

The appellate courts in this state undertake to correct errors of law on the part of a trial judge. It is incumbent upon an appellant to present a record sufficient to permit a review of a trial judge's rulings. As indicated above, the appellants here have not offered in this record the grounds upon which they moved for a new trial. Accordingly, the appellants have presented no issues relating to the inadequacy of the verdict, the inconsistency of the verdicts or the failure of the trial judge to grant a new trial on the preponderance of the evidence. *Stelter v. Kennan*, 287 S.C. 389, 339 S.E. (2d) 116 (1986).

Assuming, without so deciding, that the motion for a new trial not a part of the record properly attacked the verdict in favor of Bobbie Smith as being inadequate, we hold that the verdict may be upset by the trial judge but not by this Court unless an abuse of discretion has been shown. The evidence leaves subject to debate the extent of injuries brought about by the negligent conduct of Dr. Khoury and the extent of her health problems prior thereto. The jury was entitled to weigh the evidence, and we cannot say that the amount awarded for actual and punitive damages warrants reversal by this court. We find no abuse of discretion.

The appellants argue that the trial judge erred by not submitting the husband's loss of consortium claim to the jury under the strict liability cause of action. No objection to the forms of verdict appear in the record. Therefore, this issue is not properly preserved. Additionally, the jury having found that the wife was not entitled to recover on the strict liability issue, it follows that the husband may not and has not been prejudiced.

Both appellants argue certain references to insurance and collateral sources obliged the trial judge to charge the jury on the collateral source rule. We find no error. While the collateral source rule is sometimes warranted as in *Rhodes v. Spartanburg County*, 262 S.C. 644, 207 S.E. (2d) 85 (1974), the trial judge is allowed discretion in determining an appropriate charge based on the evidence which he heard. Here such reference as was made to collateral source matters was minimal within an eight-day trial. We conclude from the record that failure to give charge was not prejudicial, even if it might have been given, a point we expressly do not decide.

The contention of counsel that the judge erred by not submitting punitive damages upon the strict liability and negligence causes of action against Ridgeway Chemicals is without merit. The jury having failed to find even actual damages against this Defendant, there can be no prejudice.

As a final argument, the Appellants allege the trial court erred by refusing to admit into evidence two one-gallon containers of a chemical. The Appellants offered these items to support their allegation the label provided only an inadequate warning. Bobbie Smith's testimony was that she would draw chemicals from 55-gallon drums. The court ruled the labeling of one-gallon containers was irrelevant. This ruling was within his discretion. *Grand Strand Construction Co. v. Graves*, 269 S.C. 594, 239 S.E. (2d) 81(1977). We find no abuse of that discretion.

Affirmed.