484 S.E.2d 874

**Marquies O'NEAL, a minor under the age of fourteen (14) years, by his guardian ad litem, Appellant, Melvinia O'NEAL,**

v.

**Lawrence D. MULLINS, Respondent.**

**No. 24611.**

Supreme Court of South Carolina.

Heard March 5, 1997.

Decided April 28, 1997.

John P. Bowler, John P. Bowler and Associates, P.A., North Charleston, for Appellant.

David C. Cleveland, Anderson and Cleveland, Charleston, for Respondent.

PER CURIAM.

Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C.Code Ann. § 14–7–1030 (Supp.1996) ("All objections to jurors called to try prosecutions, actions, issues, or questions arising out of actions or special proceedings in the various courts of this State, if not made before the juror is impaneled for or charged with the trial of the prosecution, action, issue, or question arising out of an action or special proceeding, is waived, and if made thereafter is of no effect."); *Stelter v. Keenan*, 287 S.C. 389, 339 S.E.2d 116 (1986) (If objection is made after jury is impaneled, objecting party must show he could not, in the exercise of due diligence, have discovered grounds for objection before jury was impaneled.); *McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995) (In order to recover punitive damages, there must be evidence defendant's conduct was wilful, wanton, or in reckless disregard of plaintiff's rights.).