THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard Morris,       
Appellant,
 
 
 

v.

 
 
 
Jerri W. King,       
Respondent.
 
 
 

Appeal From Horry County
John L. Breeden, Jr., Circuit Court 
 Judge

Unpublished Opinion No.  2003-UP-432 
Submitted June 9, 2003  Filed June 
 24, 2003 

AFFIRMED

 
 
 
William Isaac Diggs, of Myrtle Beach,  for Appellant.
Linda Weeks Gangi, of Conway,  for Respondent.
 
 
 

PER CURIAM:  Richard Morris appeals a jury 
 verdict for Jerri W. King, alleging the trial court erred in refusing his motion 
 for judgment notwithstanding the verdict or, alternatively, for a new trial.  
 We affirm. [1] 
We affirm the trial court denying Morriss motion 
 for judgment notwithstanding the verdict or, alternatively, for a new trial 
 pursuant to Rule 220(b)(2), SCACR, and the following authorities:  1) regarding 
 the trial courts denial of Morriss judgment notwithstanding the verdict:  
 Rule 50(a) & (b), SCRCP (providing that when a judgment notwithstanding 
 the verdict is granted, the verdict of the jury is set aside and judgment is 
 entered in accordance with the partys directed verdict motion); Smith v. 
 Ridgeway Chem., Inc., 302 S.C. 303, 305-06, 395 S.E.2d 742, 743-44 (Ct. 
 App. 1990) (holding that a motion for judgment notwithstanding the verdict is 
 available to a party suffering an adverse jury verdict only when the same issues 
 were first presented to the trial court in a motion for a directed verdict at 
 the close of all the evidence); Johnson v. Hoechst Celanese Corp., 317 
 S.C. 415, 420, 453 S.E.2d 908, 911 (Ct. App. 1995) (holding that a judgment 
 notwithstanding the verdict may not be granted if the moving party fails to 
 make a directed verdict motion at the close of all the evidence); accord 
 Hendrix v. Eastern Distrib., Inc., 316 S.C. 34, 37, 446 S.E.2d 440, 442 
 (Ct. App. 1994), affd in part and vacated in part, 320 S.C. 218, 464 
 S.E.2d 112 (1995); Smith, 302 S.C. at 305-06, 395 S.E.2d at 743-44 (Inasmuch 
 as no motion was made for a directed verdict at the conclusion of the trial, 
 no motion for relief as a matter of law is available after the jury verdict.); 
 Mize v. Blue Ridge Ry. Co., 219 S.C. 119, 129-30, 64 S.E.2d 253, 258 
 (1951) (stating that an issue not raised by the appellant at trial is not preserved 
 for appeal even though the issue was discussed by the trial court); 2) regarding 
 the trial courts denial of Morriss motion for a new trial: Wilder Corp. 
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that a specific 
 argument that was neither raised to nor ruled upon by the trial court is not 
 properly preserved for consideration on appeal); accord Creech v. 
 S.C. Wildlife & Marine Res. Dept, 328 S.C. 24, 33-34, 491 S.E.2d 571, 
 576 (1997); Taylor v. Medenica, 324 S.C. 200, 216, 479 S.E.2d 35, 43 
 (1996); Merritt v. Grant, 285 S.C. 150, 154, 328 S.E.2d 346, 349 (Ct. 
 App. 1985); McEntire v. Mooreguard Exterminating Servs., 353 S.C. 629, 
 632, 578 S.E.2d 746, 747 (Ct. App. 2003) (holding that a directed verdict motion 
 is a prerequisite to a motion for a new trial on the ground the verdict is against 
 the evidence) (citing Peay v. Ross, 292 S.C. 535, 536, 357 S.E.2d 482, 
 483 (Ct. App. 1987)); accord Marsh v. S.C. Dept of Highways & 
 Pub. Transp., 298 S.C. 420, 423, 380 S.E.2d 867, 869 (Ct. App. 1989).
AFFIRMED.
 GOOLSBY and HOWARD, JJ., and BEATTY, 
 A.J., concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issues on appeal, we decide this case without oral argument 
 pursuant to Rules 215 and 220(b)(2), SCACR.