THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The Anchor Bank, as Successor to First Atlantic Bank, Respondent,
 
 
 

v.

 
 
 
 Mac Babb, Appellant,
 
 
 

and

 
 
 
 Mac Babb, Third Party Plaintiff,
 
 
 

v.

 
 
 
 Thomas M. Crowley and J. Theron Floyd, Jr., Third Party Defendants.
 
 
 

Appeal From Horry County
 James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2004-UP-598
Submitted November 1, 2004  Filed November 30, 2004

AFFIRMED

 
 
 
 Mac Babb, of Calabash, North Carolina, for Appellant.
 Frank H. Durant, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  In this action by a lender, respondent Anchor Bank, to collect money from the guarantor of a promissory note in default, appellant Mac Babb, we find the circuit courts award of attorney fees was not an abuse of discretion.  Additionally, we find Babbs remaining issues unpreserved for appellate review.
FACTS/DISCUSSION
In 1994, The Anchor Bank, as successor to First Atlantic Bank, sued Mac Babb as guarantor of a promissory note that Thomas Crowley had given First Atlantic.  In July 1999, a jury found Babb liable to Anchor Bank under his guarantee.  The court subsequently awarded Anchor Bank attorneys fees of $3,732.97, which was fifteen percent of the total debt.  Babb made a motion for judgment notwithstanding the verdict (JNOV), arguing he had proven his defense beyond a reasonable doubt.  The court denied the motion.  Babb also made a motion for new trial nisi remittitur, which the court granted with respect to limiting certain interest accrued on the promissory note during the pendency of litigation.
Babb appeals, first arguing the circuit court erred in denying his motion to dismiss for failure to prosecute.  However, Babbs arguments are conclusory and unsupported by authority.  Thus, we deem them abandoned.  See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding an appellant was deemed to have abandoned issue for which he failed to provide any argument or supporting authority).
Next, Babb argues the circuit court erred in allowing the case to proceed where alterations to the note allegedly extinguished his obligation under the note.  He further contends the circuit court improperly allowed the case to proceed because there purpotedly was no consideration paid by Anchor Bank in exchange for the renewal note and no meeting of the minds.  Babb first raised these issues in his JNOV motion.  However, a JNOV motion is available to one suffering an adverse ruling of the jury only when the same issues were submitted to the judge at the directed verdict stage.  Smith v. Ridgeway Chems., Inc., 302 S.C. 303, 305-06, 395 S.E.2d 742, 743-44 (Ct. App. 1990); Rule 50, SCRCP.  Because Babb did not first raise these issues in a directed verdict motion, they are unpreserved for appellate review.
Finally, Babb argues the circuit court erred in awarding Anchor Bank attorneys fees equal to fifteen percent of Babbs liability under the note.  We disagree.  As a general rule, the amount of attorneys fees to be awarded in a particular case is within the discretion of the circuit court.  Baron Data Sys., Inc. v. Loter, 297 S.C. 382, 385-86, 377 S.E.2d 296, 298 (1989).  The award must be reasonable.  Id.  There are six factors for the court to consider when determining an award of attorneys fees: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.  Jackson v. Speed, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997).   
Under the promissory note guaranteed by Babb, Anchor Bank is entitled to reasonable attorneys fees . . . not to exceed fifteen (15%) percent of the unpaid debt after default OR in the maximum amount prescribed by South Carolina Law, whichever is greater.  The trial court questioned Anchor Banks attorney regarding his fees.  After considering the nature of the services rendered . . ., the totality of the circumstances concerning the representat[ion] . . ., the reputation [of Anchor Banks counsel]. . ., and the beneficial result obtained in reaching the decision, the circuit court awarded attorneys fees under the contract.  Accordingly, we find the circuit court did not abuse its discretion in awarding attorneys fees or in the amount of attorneys fees it deemed reasonable.[1]
AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]  Babb also contends the trial court erred in awarding attorneys fees equal to fifteen percent of the debt based on his liability including pre-judgment interest as opposed to the amount owed immediately after default.  However, this claim was not raised to or ruled on by the trial court and is, therefore, not preserved for review upon appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.)