THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Walter Dan Stewart, Appellant,
v.
Kevin N. Flynn, individually and d/b/a Flynn Construction,
Respondent.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2006-UP-240
Submitted May 1, 2006  Filed May 15, 2006   

AFFIRMED

 
 
 
Stephen R.H. Lewis, of Greenville, for Appellant.
Eric K. Englebardt, and Jennifer D. Eubanks, of Greenville, for Respondent.
 
 
 

PER CURIAM: In this appeal from an automobile accident negligence case, Dan Stewart claims the trial judge erred in admitting evidence that violated the collateral source rule.  Stewart also alleges the jury verdict with respect to damages was affected by this error and his motion for a new trial nisi additur should have been granted.  
FACTS
On April 6, 2000, Dan Stewart was involved in an automobile accident with Kevin Flynn, the owner of Flynn Construction Company.  At trial, Flynn admitted negligence and left damages as the only issue to be determined at trial.  Flynn was driving a company truck when he ran into the back of Stewarts automobile.  At this time neither Stewart nor Flynn required medical  attention.  Emergency personnel did, however, transport Stewarts passenger to the hospital for treatment.  
Later, when Stewart went to the hospital to visit the passenger, he requested medical attention for pain in his right wrist, right arm, and neck.  The hospital found no broken bones and did not diagnose any head trauma.[1]  Stewart had a history of back pain and sought treatment for that pain before the accident.  Ultimately Dr. John Haasis, a physiatrist, testified that Stewart suffered a 10% permanent impairment of his lower back as a result of the accident.  
Some time after the accident, Stewart began to experience some facial pains.  Stewart described the pain as a ticking pain at first eventually turning into a constant and excruciating pain.  In August of 2000, Stewarts family physician referred him to Dr. Jerry Sherrill, a neurologist, who diagnosed Stewart with trigeminal neuralgia.  Trigeminal neuralgia is a condition resulting from inflammation of the trigeminal nerve, which causes severe, shock-like pain in the face.  Stewart underwent a procedure called a trigeminal rhizotomy, which is intended to burn the abnormally conducting sensory fibers of the nerve without affecting the portion of the nerve that controls motor function.  Stewart temporarily lost the ability to move his right eye and permanently lost the ability of his tear ducts to naturally lubricate his right eye. 
The two main issues at trial were the cause of Stewarts injuries and the damages stemming from them.  Both parties used expert testimony to support their claims.  Stewart alleged losses related to his past and future medical bills, past and future lost wages, and pain and suffering.  The jury returned a verdict in Stewarts favor, awarding him $14,000 in damages.  
STANDARD OF REVIEW
Exercise of [a] trial judges discretion [as to admission or exclusion of evidence] will not be disturbed on appeal absent [a] clear showing of abuse of discretion, the commission of legal error, and prejudice to rights of appellant.  Bonaparte v. Floyd, 291 S.C. 427, 437, 354 S.E.2d 40, 47 (Ct. App. 1987).  On appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses there is no evidence which reasonably supports the jurys findings.  Rogers v. Norfolk S. Corp., 343 S.C. 52, 59, 538 S.E.2d 664, 668 (Ct. App. 2000).  
DISCUSSION
Stewart claims the trial court erred in allowing Flynns counsel to cross examine Mrs. Stewart regarding Mr. Stewarts Social Security Disability benefits.  This allegation is not properly preserved for our review.
Under the collateral source rule, a tortfeasor has no right to any mitigation of damages because of payments or compensation received by the injured person from an independent source.  Young v. Warr, 252 S.C. 179, 197, 165 S.E.2d 797, 806 (1969).  However, our courts have created a clear exception to the collateral source rule when the admission of such testimony is relevant to the witnesss credibility.  Rhodes v. Spartanburg County, 262 S.C. 644, 207 S.E.2d 85 (1974).  
The duty is on the litigant to make a timely objection in order to preserve the right of review.  Parks v. Morris Homes Corp., 245 S.C. 461, 141 S.E.2d 129 (1965).  Failure to make an objection at the time evidence is offered constitutes a waiver of the right to object.  Doe v. S.B.M., 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997).
In the present case, Flynn argued Mrs. Stewarts testimony that the family was struggling financially opened the door to cross examination on the Social Security Disability benefits.  Flynn intended to introduce the collateral source to show that the Stewarts were not in such bad shape financially and to lessen the emotional impact of Mrs. Stewarts testimony.  At this point in the trial the parties reached a compromise in camera.  Stewarts counsel agreed not to object to cross examination questions about Social Security income so long as the trial court gave a jury charge on the collateral source rule and so long as he was permitted to ask certain questions on redirect examination. 
When trial resumed both parties proceeded according to the compromise.  At the trials conclusion the judge charged the jury on the collateral source rule.  Stewart argues in his brief that contrary to the agreement, the trial judge limited his ability to explore and explain the issues raised by the admission of the collateral source.  Stewarts counsel apparently wanted to explore and explain the collateral source of income with testimony from Dr. Charles Alford, a vocational rehabilitation professional.  
Upon review of the record on appeal, this court is unable to find any objections made by Stewarts counsel during either Mrs. Stewarts or Dr. Alfords testimony.  Thus, Stewart did not make a contemporaneous objection, as required, to properly preserve the alleged error for appellate review.  State v. Hoffman, 312 S.C. 386, 440 S.E.2d 869 (1994).  
Since we find the admittance of evidence of a collateral source is not preserved for appellate review, we need not address the issue of whether that alleged error affected the jurys verdict, or whether it required a new trial nisi additur. 
Accordingly, the trial courts decision is 
AFFIRMED.[2] 
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.

[1] An x-ray of Stewarts spine showed an old compression fracture but no new fractures were detected.  
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.